# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**METROPOLITAN LIFE INSURANCE COMPANY**

1095 Avenue of the Americas
New York, NY 10036,

    Plaintiff,

    v.                                        **Civil Action No:**

**AUNTRA L. THOMAS,**

1115 Nalley Road, Apt. 533
Hyattsville, Maryland 20785

**LOLITA R. THOMAS,**

4548 Texas Avenue S.E.
Washington, D.C. 20019

**TILWANA L. THOMAS,**

4548 Texas Avenue S.E.
Washington, D.C. 20019

**PAMELA Y. THOMAS,**

3096 Stanton Road S.E., Apt. 303
Washington, D.C. 20020

**ANTONIO L. THOMAS, and**

321 50th Street, S.E., Apt. 13
Washington, D.C. 20019

**FORD ACCEPTANCE CORPORATION**

21 S Evergreen Avenue, Ste. 230
Arlington Heights, Illinois 60005

    Defendants.

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

### I. PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Washington, D.C.

2. Upon information and belief, defendant Auntra L. Thomas is a surviving granddaughter of Ozella Thomas (the "Decedent"), and she resides in Hyattsville, Maryland.

3. Upon information and belief, defendant Lolita R. Thomas is a surviving daughter of the Decedent and she resides in Washington, D.C.

4. Upon information and belief, defendant Tilwana L. Thomas is a surviving daughter of the Decedent and she resides in Washington, D.C.

5. Upon information and belief, defendant Pamela Y. Thomas is a surviving daughter of the Decedent and she resides in Washington, D.C.

6. Upon information and belief, defendant Antonio Thomas is a surviving son of the Decedent and he resides in Washington, D.C.

7. Upon information and belief, defendant Ford Acceptance Corporation is a corporation, with its principal place of business in Arlington Heights, Illinois.

### JURISDICTION AND VENUE

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Federal

Employees' Group Life Insurance Act, 5 USC §§ 8701, *et seq.* ("FEGLIA"). Also, this is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure. This court also has jurisdiction pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody the value of which exceeds $500.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1397 because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

### III.  FACTUAL BACKGROUND

10. The Decedent was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the Office of Personnel Management ("OPM") pursuant to FEGLIA. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for administering the claims process of the FEGLI Policy.

11. All record keeping for retired employees under the FEGLI Policy is done by OPM. OFEGLI becomes involved only following the death of an insured. At that point, documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to OFEGLI by the record keeper. OFEGLI then adjudicates the claims.

12. Federal law governs the payment of life insurance benefits payable under the FEGLI Policy. FEGLIA, 5 U.S.C. § 8705, provides in pertinent part that

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

>First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . .

13.     The beneficiary designation form on file for the Decedent is dated January 25, 1999 and names the Decedent's granddaughter, Auntra L. Thomas, and the Decedent's children, Lolita R. Thomas, Tilwana L. Thomas, Pamela Y. Thomas, and Antonio L. Thomas (collectively, the "Beneficiaries"), each for 20% of the FEGLI benefits. A true and correct copy of the January 25, 1999 beneficiary designation form is attached hereto as **Exhibit A**.

14.     The Decedent died on April 6, 2014. A true and correct copy of the Decedent's death certificate is attached hereto as **Exhibit B**.

15.     As a result of the Decedent's death, the life insurance benefits from her coverage under the FEGLI Policy, in the total amount of Seven Thousand Seven Hundred and Fifty Dollars ($7, 750) (the "FEGLI Benefits"), became payable to the proper beneficiary or beneficiaries.

16.     On or about April 21, 2014, OFEGLI received a statement of claim from Auntra L. Thomas for the FEGLI Benefits. A true and correct copy of Auntra L. Thomas' statement of claim is attached hereto as **Exhibit C.**

17.     On or about April 21, 2014, OFEGLI received a statement of claim from Antonio L. Thomas for the FEGLI Benefits. A true and correct copy of Antonio Lee Thomas' statement of claim is attached hereto as **Exhibit D**.

18.     On or about April 21, 2014, OFEGLI received a statement of claim from Pamela Y. Thomas for the FEGLI Benefits. A true and correct copy of Pamela Y. Thomas' statement of claim is attached hereto as **Exhibit E**.

19. On or about June 17, 2014, OFEGLI received a statement of claim from Lolita R. Thomas for the FEGLI Benefits. A true and correct copy of Lolita R. Thomas' statement of claim is attached hereto as **Exhibit F.**

20. On or about June 17, 2014, OFEGLI received a statement of claim from Tilwana L. Thomas for the FEGLI Benefits. A true and correct copy of Tilwana L. Thomas' statement of claim is attached hereto as **Exhibit G.**

21. On or about April 28, 2014, the Decedent's children and granddaughter completed a funeral home assignment in the amount of $7,750 to Dunn & Sons Funeral Services, which reassigned that amount to Ford Acceptance Corporation. A true and correct copy of the April 28, 2014 funeral home assignment and reassignment is attached hereto as **Exhibit H**.

22. In a letter dated July 2, 2014, and corrected on July 3, 2014, to OFEGLI, Auntra L. Thomas contests the funeral home assignment and reassignment completed on April 28, 2014 because she, along with Pamela Y. Thomas and Antonio L. Thomas, did not personally appear before the notary public that stamped it. Auntra L. Thomas also alleges that the Beneficiaries were lied to by the funeral home regarding the assignment and were coerced into executing the assignment. True and correct copies of the July 2, 2014 and the July 3, 2014 letters are attached hereto as **Exhibit I**.

23. Accordingly, MetLife cannot determine whether the April 28, 2014 funeral assignment and reassignment is valid.

24. If a court were to determine that the April 28, 2014 funeral assignment and reassignment is valid, then the FEGLI Benefits would be payable to Ford Acceptance Corporation.

25. If a court were to determine that the April 28, 2014 funeral assignment and reassignment is invalid, then the FEGLI Benefits would be payable to Auntra L. Thomas, Lolita R. Thomas, Tilwana L. Thomas, Pamela Y. Thomas, and Antonio L. Thomas based on the January 25, 1999 beneficiary designation form.

26. MetLife cannot determine the proper beneficiary or beneficiaries of the FEGLI Benefits at issue without risking exposure to double liability.

27. As a mere stakeholder, MetLife has no interest in the FEGLI Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said FEGLI Benefits should be paid.

28. MetLife is ready, willing, and able to pay the FEGLI Benefits, in accordance with the terms of the FEGLI Policy, in such amounts and to whichever Defendant or Defendants the Court shall designate.

29. MetLife will deposit into the Registry of the Court the FEGLI Benefits, plus any applicable interest due and owing under the terms of the FEGLI Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the following relief:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife for the recovery of FEGLI Benefits plus any applicable interest, by reason of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust

their claims and determine to whom the FEGLI Benefits, plus any applicable interest should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the FEGLI Benefits, plus any applicable interest, and upon such payment dismissing MetLife with prejudice from this action, and discharging MetLife from any further liability for the FEGLI Benefits plus any applicable interest, payable as a consequence of the death of the Decedent;

(iv) Awarding MetLife its costs and attorney's fees; and

(v) Awarding MetLife such other and further relief as this Court deems just, equitable, and proper.

Date: September 22, 2014

Respectfully Submitted,

John S. Bolesta, DC Bar No. 981489
john.bolesta@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866

*Counsel for Plaintiff*